IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRISTI GOLDSTEIN,** | : | Civil Action |
| | : | No. |
| **Plaintiff,** | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| C/O Bolme; C/O Peterson; Sgt. Davis; and Sgt. Foster; C/O Doe 1-3 | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**COMPLAINT (CIVIL ACTION)**

### I.  INTRODUCTION

1. Kristi Goldstein was assaulted by defendants while her hands and legs were in restraints. Outnumbered, she was beaten unconscious and required emergency care. Her ordeal ultimately lead her to attempt to take her own life. She brings this matter for the redress of her grievous injuries. Her claims are brought under 42 U.S.C. § 1983 and the laws of Pennsylvania.

### II.  PARTIES

2. Plaintiff Kristi Goldstein is a resident of Philadelphia and, at all times relevant hereto, was a pretrial detainee in the custody of the City of Philadelphia's Department of Prisons. As of the below date she is no longer in the custody of the City of Philadelphia.

3. Defendant C/O Bolme, was at all relevant times employed by the City of Philadelphia's Department of Prisons and worked in the same facility where Plaintiff was incarcerated.

4. Defendant C/O Peterson, was at all relevant times employed by the City of

Philadelphia's Department of Prisons and worked in the same facility where Plaintiff was incarcerated.

5. Defendant Sgt. Davis, was at all relevant times employed by the City of Philadelphia's Department of Prisons and worked in the same facility where Plaintiff was incarcerated.

6. Defendant Sgt. Foster, was at all relevant times employed by the City of Philadelphia's Department of Prisons and worked in the same facility where Plaintiff was incarcerated.

7. Defendant C/O Doe 1-3 were at all relevant times employed by the City of Philadelphia's Department of Prisons and worked in the same facility where Plaintiff was incarcerated.

8. At all relevant times, defendants were acting under color of state law.

### III.   JURISDICTION AND VENUE

9. This action is brought pursuant to 42 U.S.C. § 1983 and defendants' conduct alleged herein was performed under color of state law. Jurisdiction is founded upon 28 U.S.C. § 1331.

10. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is properly laid in this judicial district, as all defendants are found therein, and all acts and events giving rise to the complaint occurred therein.

### IV.   ALLEGATION OF MATERIAL FACT

12. On or about March 13, 2024, Goldstein was incarcerated at Philadelphia Industrial Correctional Center ("PICC").

13. At all relevant times, Plaintiff was a "pre-trial detainee."

14. On and before March 13, 2024, Goldstein was housed in Cell #17 in housing Unit E.

15. On or around March 13, 2024, Goldstein learned that she would be moved to Cell #12 on the same unit.

16. Unit E's Cell #12 is notorious for its particularly heinous conditions, which include the constant presence of mildew, flies, and noxious odors, the absence of plumbing, and sewage – and its odors - leaking into the cell from the adjacent cells.

17. The foregoing characteristics are well-known to PICC inmates and staff.

18. In March 2024, due to levels of overcrowding at PICC – and elsewhere in Philadelphia prisons – Goldstein was confined to her cell for 24 hours a day, rendering the conditions of Cell #12 all the more heinous and inhumane.

19. Goldstein suffers from bi-polar disorder, anxiety, and depression, and has has intermittent suicidal ideation since her teenage years, all of which is known by each defendant.

20. Goldstein's psychiatric disabilities are not uncommon in Philadelphia's prisons, which houses a significant number of detainees with mental illness, who are disproportionately women.  According to a 2017 study, 40% of Philadelphia inmates were on psychotropic medication and 17% had serious mental illnesses like schizophrenia, bi-polar disorder, or depressive disorder, and of that group 60% and 40%, respectively, were women.

21. Goldstein voiced her concerns about her re-assignment to Cell #12, identifying its disgusting and inhumane conditions, and her belief that her transfer was retaliatory and unjustifiably punitive.

22. Goldstein was shackled at her wrists and ankles as she was being moved to her new cell.

23. One of her hands came free from the shackle.

24. In anger at the move, she threw a bar of soap, which hit a wall and fell to the floor.

25. Immediately thereafter, she was fully restrained by defendants.

26. Despite being fully restrained, unable to defend herself or pose any risk to defendants, defendants proceeded to beat her with their hands and feet, which continued after she fell to the ground, causing her serious injuries, including but not limited to periorbital edema, orbital proptosis, and the loss of consciousness.

27. She was taken by ambulance to the emergency room of Wills Eye Hospital on March 14.

28. Goldstein has been in the custody of the Philadelphia Department of Prisons on at least one prior occasion, during which time she was also assaulted by correctional staff.

29. Upon her return to PICC from Wills, Goldstein unsuccessfully attempted to take her own life, which was a direct and proximate result of defendants' unlawful and unconstitutional conduct set forth more fully hereinabove.

30. As a result of her suicide attempt, Plaintiff was incapacitated while she was housed in the infirmary and also hospitalized for several weeks.

31. As a result of the foregoing violation of Goldstein's constitutional rights, she suffered significant damages and harms, including but not limited to:

    a. severe emotional distress;

    b. severe physical pain and suffering;

    c. disfigurement;

    d. dread and apprehension of death;

    e. interference with daily activities;

some or all of which are ongoing and/or permanent.

32. Plaintiff's damages and harms were caused by the culpable conduct of Defendants, alleged in greater detailed herein.

33. The conduct of Defendants was carried out in wanton and outrageous disregard for the Constitution and Decedent's rights thereunder, and was motivated solely by their self-interest, completely unrelated to the administration of justice, thereby warranting an award of exemplary damages against each.

### V.   CAUSES OF ACTION

#### COUNT ONE
#### Plaintiff v. All Defendants
#### Excessive Force - 42 U.S.C. § 1983 (Fourteenth Amendment)

34. Plaintiff incorporates by reference each of the preceding paragraphs as though each were set forth herein in their entirety.

35. Plaintiff suffered the harms and damages alleged hereinabove as a direct and proximate result of defendants' unconstitutional use of force against Plaintiff, in violation of her rights under the Fourteenth Amendment of the Constitution of the United States

#### COUNT TWO
#### Plaintiff v. All Defendants
#### Due Process - 42 U.S.C. § 1983 (Fourteenth Amendment)

36. Plaintiff incorporates by reference each of the preceding paragraphs as though each were set forth herein in their entirety.

37. Plaintiff, at all times relevant hereto a pretrial detainee, was subjected to unconstitutional conditions of confinement, including but not limited to the environmental conditions of the cell into which she was transferred, the retaliatory basis for her assignment to the cell

into which she was transferred, and the use of force for the sole purpose of punishment without any adjudication of guilt or fault.

38. Decedent suffered the harms and damages alleged hereinabove as a direct and proximate result of defendants' unconstitutional conduct, in violation of her rights under the Fourteenth Amendments of the Constitution of the United States

### COUNT THREE
### Plaintiff v. All Defendants
### Conspiracy - 42 U.S.C. § 1983

39. Plaintiff incorporates by reference each of the preceding paragraphs as though each were set forth herein in their entirety.

40. Defendants, acting within the scope of their employment and under color of state law, agreed between themselves to act in concert to deprive plaintiff of clearly established constitutional rights, as alleged hereinabove.

41. In furtherance of the conspiracy, defendants engaged in and/or facilitated multiple overt acts, including:

    a. the use of force against Plaintiff;
    b. failing to intervene to end the use of force against Plaintiff;
    c. acquiescing to each others' use of force against Plaintiff

### COUNT FOUR
### Plaintiff v. All Defendants
### Assault and Battery (Pennsylvania State Law)

42. Plaintiff incorporates by reference each of the preceding paragraphs as though each were set forth herein in their entirety.

43. The conduct of defendants, as alleged herein, comprises assault and battery in violation of Pennsylvania law.

44. Plaintiff suffered the harms and damages alleged hereinabove as a direct and proximate result of defendants' tortious conduct.

## VI.     JURY DEMAND

45. Plaintiff demands a jury determination of all issues so triable.

## VII.     PRAYER FOR RELIEF

WHEREFORE, plaintiff prays the Court for judgment in her favor, against all defendants, individually, jointly and severally, and asks for the following relief:

    a)    compensatory and general damages;

    b)    punitive damages against all defendants;

    c)    attorney's fees and costs pursuant to 42 U.S.C. § 1988;

    d)    such interest and other costs as are allowed by law;

    e)    such other relief as the Court deems just and equitable.

Respectfully submitted,

WILLIAMS CEDAR

*/s/ Christopher Markos*
By: Christopher Markos, Esq.
PA ID No. 308997
One South Broad Street
Suite 1510
Philadelphia, PA 19107
cmarkos@williamscedar.com

                        p. 215-557-0099
                        f. 215-557-0673

Dated: February 3, 2025